UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

      Plaintiff,                      Case No. 11-30464
                                       Magistrate Judge Laurie J. Michelson

      v.

SALAM DANIEL,

      Defendant.
_____/

**OPINION AND ORDER REGARDING DEFENDANT'S
MENTAL COMPETENCE TO STAND TRIAL**

This matter is before the Court for a determination of Defendant Salam Daniel's mental competency following the Government's oral motion for a competency evaluation. After receiving a "Report on Competency to Stand Trial" from Dr. Craig Lemmen, a psychologist who evaluated Defendant, the Court conducted a competency hearing on December 6, 2011. The parties stipulated to the admissibility of Dr. Lemmen's Report and agreed with his ultimate finding that Defendant is competent to stand trial.

The Court agrees with the parties, and consistent with the report of Dr. Lemmen and the stipulation of the parties, the Court finds that Defendant is **COMPETENT** to stand trial.

    **I. BACKGROUND**

Defendant is charged in a criminal Complaint with forcibly assaulting, resisting, impeding or interfering with Immigration and Customs Enforcement ("ICE") officers in the performance of their official duties – and, in doing so, using a dangerous weapon (specifically a shard of plexiglass), as well as willfully injuring or attempting to injure government property. (Dkt. 1, Crim. Compl.) Because the underlying facts supporting these charges – as detailed in the affidavit in support of the

Complaint as well as the Government's proffer during the detention hearing – were relevant to the decision to order the competency evaluation, the Court will briefly recount them.

Defendant is a citizen of Iraq with no legal status in the United States. He was ordered removed from the United States in October 1999. Due to conditions in Iraq, however, Defendant was not able to be removed. While Defendant remained in the United States, he was placed on an Order of Supervision under which he was required to report to the Department of Homeland Security. Defendant failed to report as required in February 2008. As a result, ICE revoked the Order of Supervision on October 27, 2009, which resulted in Defendant being an immigration fugitive. Defendant was ultimately apprehended two years later at the United States Immigration & Citizenship Services facility on August 19, 2011 where he was inquiring about an Employment Authorization Card.

Defendant became very upset while being transported to the Dearborn police station. He managed to maneuver his restrained (handcuffed) hands in front of his body and violently kicked, punched, and threw his body against the metal and plexiglass partition that separated the front and back seats of the ICE agent's car. Defendant's actions caused the partition to crack and he began waiving a shard of the plexiglass at, and verbally threatening, the ICE agent driving the transport car. Defendant's assaultive behavior continued at the police station – including spitting on another ICE officer. Despite commands to calm down, Defendant continued to kick, resist, and waive the shard of plexiglass in a threatening manner. Defendant ultimately had to be subdued with pepper spray and was transported to the St. Clair County Jail – a more secure facility.

There were reports of additional verbal outbursts while Defendant was in lock-up awaiting his initial appearance on the criminal Complaint. At this proceeding, defense counsel was appointed

and the Court was able to observe Defendant's demeanor and pressured speech.  On August 26, 2011, the Court granted the Government's oral motion for a competency examination pursuant to 18 U.S.C. § 4241.  After finding reasonable cause to believe Defendant suffered from a mental illness rendering him incompetent to stand trial, the Court entered a written Order for Psychiatric or Psychological Examination on August 29, 2011.  (Dkt. 5.)  This Order committed Defendant to the custody of the Attorney General for his evaluation, but did not specify a facility or examiner, and Defendant was thereafter designated for the Metropolitan Correctional Center ("MCC") in Chicago, Illinois.  (Dkt. 9.)  Due to some transportation issues, however, as of September 28, 2011, Defendant had not arrived at the MCC for his evaluation.

After being advised that the parties had stipulated to Defendant's competency evaluation being conducted in the Eastern District of Michigan to allow for increased oversight by the parties and Court, the Court issued an Amended Order for Psychiatric or Psychological Examination on September 28, 2011.  (Dkt. 9.)  On October 24, 2011, Defendant was evaluated by Dr. Craig Lemmen, Ph.D., of Ann Arbor, Michigan.  (Dkt. 11.)  Dr. Lemmen submitted a report dated November 22, 2011. He opined that "Mr. Daniel is able to understand the charge against [him] and is able to rationally assist in his defense" and thus, competent to stand trial.  On December 6, 2011, the Court held a competency hearing pursuant to 18 U.S.C. § 4247(d).  Defendant was represented by counsel.  Neither party called any witnesses.  They both agreed with the ultimate findings of Dr. Lemmen.

3

**II.     ANALYSIS**

    **A.     Legal Standard**

A criminal defendant cannot be tried unless he is mentally competent. *Godinez v. Moran*, 509 U.S. 389, 396, 113 S. Ct. 2680, 125 L. Ed. 2d 321 (1993). By statute, a defendant or the Government "may file a motion for a hearing to determine the mental competency of the defendant," and such a motion must be granted "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Prior to the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a report be filed with the court. 18 U.S.C. § 4241(b). Following the competency hearing, the court must, based upon a "preponderance of the evidence," make a determination as to the defendant's competency to stand trial. 18 U.S.C. §4241(d). "[T]he bar for incompetency is high: a criminal defendant must lack either a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' or 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Miller*, 531 F.3d 340, 350 (6th Cir. 2008) (quoting *Drope v. Missouri*, 420 U.S. 162, 172, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975) (internal quotation marks omitted)).

    The Sixth Circuit has further explained that:

> In making this determination, the district court must consider several factors, including the defendant's demeanor, any prior medical opinion regarding competency, and evidence of irrational behavior. *Miller*, 531 F.3d at 348; *Williams v. Bordenkircher*, 696 F.2d 464, 466 (6th Cir. 1983). An attorney's opinion about his client's competency is likewise a relevant factor. *United States v. Tucker*, 204 F. App'x 518, 520 (6th Cir. 2006) (citing *Owens v. Sowders*, 661 F.2d 584, 586 (6th Cir. 1981)); *United States v. Jackson*, 179 F.

4

> App'x 921, 933 (6th Cir. 2006). Moreover, although a defendant may show signs of paranoia or other mental illness, "such an illness would not necessarily render [the] defendant incompetent to stand trial." *Miller*, 531 F.3d at 349 (citing *United States v. Davis,* 93 F.3d 1286, 1290 (6th Cir. 1996)). In short, "[t]here are . . . no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." *Williams*, 696 F.2d at 466 (quoting *Drope*, 420 U.S. at 180).

*United States v. Willis*, 362 Fed. App'x. 531, 534 (6th Cir. 2010); *see also United States v. Abernathy,* No. 08-20103, 2009 U.S. Dist. LEXIS 31168, *7 ( E.D. Mich., Apr. 13,  2009) ("The determination of whether a defendant is mentally competent to stand trial is a question left to the sound discretion of the district court, with the advice of psychiatrists [or other mental health professionals]. The medical opinion of experts as to the competency of a defendant to stand trial is not binding on the court, since the law imposes the duty and responsibility for making the ultimate decision of such a legal question on the court and not upon medical experts." (quoting  FED. PROC. § 22:549, *Hearing and Determination as to Competency*)); *United States v. Mackovich*, 209 F.3d 1227, 1232 (10th Cir. 2000) ("When assessing a defendant's competence, the district court may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment.").

### B. Defendant's Competence To Stand Trial

At the competency hearing, the parties stipulated to the admissibility of Dr. Lemmen's Report and agreed with his ultimate findings.   In his report, Dr. Lemmen provided some family background and psychiatric history for the Defendant.  It appears that Defendant completed the 11th gradeand obtained a GED.  He has never been psychiatrically hospitalized, but has received

treatment in jail as well as outpatient treatment. He takes medications for depression and to calm down – e.g., an antidepressant, antipsychotic, and mood stabilizer.

Dr. Lemmen further explained that Defendant has prior experience with the court system and thus understands the roles and responsibilities of courtroom personnel, the fact that a trial would be an adversarial proceeding and basic rights afforded defendants. Dr. Lemmen found that Defendant understood that he was charged with malicious destruction of property and resisting arrest as well as the possible consequences of conviction – that he could be incarcerated for an extended period of time.

Additionally, Defendant reported to Dr. Lemman that he had a positive relationship with his attorney and indicated a willingness to work with her. He also described confidence in his attorney. Dr. Lemmen believes that Defendant is able to work with his attorney in a rational manner. He further stated that Defendant has the ability to testify in a reasonably coherent manner.

Dr. Lemmen also explained certain limitations for Defendant. It is Dr. Lemmen's opinion that Defendant suffers from chronic delusional beliefs and has some difficulties with increased energy and being hyper verbal. Dr. Lemmen opined, however, that despite Defendant's underlying mental illness, he is able to communicate rationally and has a rational understanding of his role in these proceedings and a willingness to participate in that role. As stated in his report, Dr. Lemmen believes that Defendant's mental illness does not significantly impinge upon his current competency.

Like the parties, the Court accepts and adopts the findings of Dr. Lemmen.[1] More specifically, that Defendant appreciates the severity of the charges against him and demonstrates

---

[1] To the extent it was not clear at the hearing, the Court hereby admits the Report into the record.

"sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding [and a] rational as well as factual understanding of the proceedings against him." Accordingly, the Court finds Defendant competent to stand trial. *See United States v. Baker,* No. 07-58, 2008 U.S. Dist. LEXIS 2326, 2008 WL 138075, at *2 (E.D. Ky. Jan. 11, 2008) (finding defendant competent to stand trial where there was no irrational or erratic conduct that would indicate a current competency deficit, the forensic report concluded that the defendant was competent, and defense counsel stipulated to the admissibility and substance of the report).

### III.   CONCLUSION

Based upon: (1) the opinion of Dr. Lemmen, (2) the statements of counsel, and (3) the Court's own observations of Defendant, the Court concludes that a preponderance of the evidence establishes that Defendant is **COMPETENT** to stand trial.

**IT IS SO ORDERED**

Dated: December 7, 2011                    /s Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES MAGISTRATE JUDGE

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon the parties and/or counsel of record via the Court's ECF System and/or U. S. Mail on December 7, 2011.

                                                        s/J. Johnson
                                                        Case Manager to
                                                        Magistrate Judge Laurie J. Michelson